Battle, J.
Upon the question, whether H. McKeller, a witness called for the defendant, was competent to tesf< tify for him under the circumstances, in which he was offered, we differ from the Judge who presided at the trial. The case states, that; it was admitted that the witness was agent for the defendant, but whether he was a general or special agent, whether he was an agent only to carry the raft of timber to Wilmington or only an agent to receive it there and sell it for the benefit of his principal, is not shown. An agent, as such, is not necessarily incompetent to testify for his principal. He can be excluded only on the ground of interest. If an action be brought against his principal for an injury, sustained by reason of the agent’s negligence or misconduct, then he is directly interested in the event of the suit, because he is responsible over to his principal for the- amount of the damages recovered against him. 1 Stark, on Ev. 112, 113. Now in this case there was no evidence that the injury to the plaintiff’s bridge was caused by the negligence or misconduct of the witness. It does not appear that he had charge of the raft, at the time when it was carried by the tide against the bridge. From all that is shown, the raft might then have been under the charge of the defendant himself or of another agent. The first that we hear of MeKeller is the day after the injury, when he went to *220 the bridge for the purpose of securing the raft and carrying it to Wilmington. He then admitted his agency, but when it was assumed and'what was the nature and extent of it, was not stated. It seems to us, that the facts and circumstances, making out a prima facie case of responsibility to his principal, should have been shown before the witness was excluded; and if such had been shown, then the defendant ought to have been permitted to examine him on his voire dire, to explain his real situation. 1 Stdrk. on Ev. 123.
For the improper exclusion of the testimony of the witness, McKeller, a new trial must be granted: and as the case may then assume a very different aspect from that which it now presents, it is unnecessary for us to decide the other questions presented in the record. The judgment is reversed and a new trial granted.
Per Curiam. Judgment reversed and new trial granted.